**UNITED STATES of America,
Appellee,**

v.

**Peter L. ALLERS, Appellant.**

**No. 71–1112.**

United States Court of Appeals,
Eighth Circuit.

Jan. 26, 1972.

5. 439 F.2d at 1318.

Douglas W. Thomson, Thomson, Wylde & Nordby, Jack S. Nordby, St. Paul, Minn., for appellant.

Peter J. Thompson, Asst. U. S. Atty., Robert G. Renner, U. S. Atty., Minneapolis, Minn., for appellee.

Before MATTHES, Chief Judge, BRIGHT, Circuit Judge, and WEBSTER, District Judge.*

PER CURIAM.

Peter Allers appeals his conviction on two counts of possessing and concealing counterfeit currency in violation of 18 U.S.C. § 472, as well as his conviction on one count of transferring counterfeit currency in violation of 18 U.S.C. § 473. After the jury returned its verdict on these counts, the district court imposed ten year sentences on each count, to be served concurrently.

Appellant here contends that the evidence as to each charge was insufficient as a matter of law to establish his guilt beyond a reasonable doubt; that misconduct by the prosecutor in making a rebuttal argument served to deprive Allers of a fair trial; that the trial court erred in instructing the jury concerning the effect of testimony by an accomplice on behalf of the prosecution; and that the introduction of evidence of other criminal activity by the defendant, although received at trial without objection, constituted plain error.

Following our review of the record in this case, we find sufficient evidence to sustain the conviction on each of the three counts. We do not believe that argument by the prosecution deprived Allers of a fair trial. Moreover, the trial court properly cautioned the jury to disregard any remarks of the prosecuting attorney that might have indicated the prosecutor's personal belief of the defendant's guilt. Finally, we find no merit in appellant's post-trial claim that the trial court committed plain error in allowing the introduction of the following evidence through the direct examination of the accomplice:

Q [by Assistant District Attorney Thompson] Mr. Lewis, when the defendant said, "You burnt me twice," do you know what he was referring to?

A Yes.

Q What was he referring to?

A Another incident some six or seven months before concerning postal money orders.

Q And how did you burn him?

A He was under the assumption that I wasn't completely honest in the deal and I withheld.

Q What was the deal?

A One for one.

* Sitting by designation.

Q You were passing them again?

A Yes.

Q For the defendant?

A Yes.

This testimony was relevant in explaining the witness's testimony earlier and did not necessarily refer to any crime. Even if the testimony were to be construed as referring to the defendant's commission of another crime, we do not find that its admission, in the light of the overall record, constituted plain error affecting any substantial right of defendant Allers, as contemplated by Rule 52(b) F.R.Crim.P.

Affirmed.